IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DONALD LEE MORGAN,

     Plaintiff,

v.                                     CASE NO. 4:16cv100-RH/CAS

CITY OF TALLAHASSEE,

     Defendant.

_____/


**ORDER GRANTING SUMMARY JUDGMENT**


     This is a disability-discrimination case. After the plaintiff employee exhibited bizarre behaviors at work, the defendant employer required him to undergo a fitness-for-duty evaluation. An independent psychologist concluded the plaintiff was unfit for duty. The defendant placed the plaintiff on leave pending the plaintiff's submission of medical documentation showing he was fit for duty. The plaintiff did not provide any such documentation despite repeated requests. After about five months, the defendant terminated the plaintiff's employment.

     The plaintiff asserts this violated the Americans with Disabilities Act and its state-law counterpart. The defendant has moved for summary judgment. This order grants the motion.

Case No. 4:16cv100-RH/CAS

I

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

II

The plaintiff Donald Lee Morgan began working for the defendant City of Tallahassee in 2008 as a mechanic in the City's fleet-management division. In late 2013, Mr. Morgan began behaving oddly. He talked at excessive length with other mechanics, interfering with their ability to do their jobs. Worse, Mr. Morgan told fantastic, untrue, and humiliating stories—stories detached from reality—about a new division supervisor. This caused the supervisor considerable discomfort. At about the same time, Mr. Morgan's wife filed for divorce and obtained a domestic-violence injunction against him. Mr. Morgan failed to report the injunction as required by City policy.

Three oral counselings, a written reprimand, and a referral to the City's employee assistance program did not solve the problems. In April 2014, the City

referred Mr. Morgan to an independent psychologist, Dr. Carolyn Stimel, for a fitness-for-duty evaluation. Dr. Stimel concluded that Mr. Morgan's "verbal and interpersonal behaviors" were a "major problem" and that he might have "become destabilized by his divorce." ECF No. 18-1 at 2-3. Dr. Stimel concluded that Mr. Morgan was not fit for duty.

As background, Dr. Stimel noted that Mr. Morgan had undergone successful brain surgery in 1997. Dr. Stimel said it was "hard to imagine" that this contributed to Mr. Morgan's current condition. ECF No. 18-1 at 3. The surgery addressed Mr. Morgan's childhood epilepsy; he has been seizure-free ever since.

Based on Dr. Stimel's recommendation, the City placed Mr. Morgan on catastrophic leave, still in April 2014. The City told Mr. Morgan he could return upon providing medical documentation of his fitness for duty. The City repeatedly requested such documentation, but Mr. Morgan did not respond. The City notified Mr. Morgan of his termination by a letter dated September 11, 2014.

III

Mr. Morgan asserts the City violated the ADA and the Florida Civil Rights Act—whose substantive standards are identical to the ADA's in relevant respects—in two ways. First, Mr. Morgan asserts he should not have been required to undergo the fitness-for-duty evaluation. Second, he asserts he was improperly terminated because of his disability or perceived disability. Both assertions fail.

A

"[A]n employer can lawfully require a . . . psychological fitness-for-duty evaluation under [42 U.S.C.] §12112(d)(4)(A) if it has information suggesting that an employee is unstable and may pose a danger to others." *Owusu-Ansah v. Coca-Cola Co.*, 715 F.3d 1306, 1312 (11th Cir. 2013). As long as "the employer has a reasonable, objective concern about [the plaintiff's] mental state, a [fitness-for-duty] evaluation is permitted." *Rodriguez v. School Bd. of Hillsborough Cty., Fla.*, 60 F. Supp. 3d 1273, 1277 (M.D. Fla. 2014) (citing *Owusu-Ansah*, 715 F.3d at 1312).

Here the City had information suggesting Mr. Morgan was unstable. He exhibited bizarre behaviors and failed to correct them despite repeated counselings and a reprimand. That an independent psychologist later concluded that Mr. Morgan was indeed unfit for duty is not dispositive on this issue—the question is whether the City acted reasonably based on the information it had at the time—but the psychologist's conclusion provides further support for the view that the City got it right.

B

To prevail on an ADA termination claim, an employee must show that he is able to perform the essential functions of the job, with or without a reasonable accommodation. *See* 42 U.S.C. § 12112(a) (prohibiting employment discrimination

against a "qualified individual"); *id.* § 12111(8) (defining a "qualified individual" as one "who, with or without a reasonable accommodation, can perform the essential functions of" the position at issue). *See also Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215 (11th Cir. 2004) (setting out the elements of a prima facie case of ADA employment discrimination, including that the plaintiff is a qualified individual).

"An employee's ability to handle reasonably necessary stress and work reasonably well with others are essential functions of any position." *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1290 (11th Cir. 2002). "Absence of such skills prevents the employer from being otherwise qualified." *Id.* at 1290-91 (collecting authorities). "[S]tability and the ability to interact with co-workers and supervisors can constitute an essential function." *Weigert v. Georgetown University*, 120 F. Supp. 2d 1, 14 (D.D.C. 2000).

I assume without deciding that Mr. Morgan's bizarre behaviors showed that he had an actual disability. An employer must, upon request, reasonably accommodate an actual disability. I further assume without deciding that the City could in some way have reasonably accommodated Mr. Morgan's actual disability and that, with some such accommodation, Mr. Morgan would have been able to perform the essential functions of his job. But an employee must identify a

reasonable accommodation. *See, e.g.*, *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000). Mr. Morgan has not done so.

Without a reasonable accommodation, Mr. Morgan was unable to perform the essential functions of his job. His failure to identify an effective accommodation thus defeats any actual-disability claim. And an employer need not accommodate a perceived disability, so Mr. Morgan's perceived-disability claim fails not only because he did not identify an effective accommodation but also because, without an accommodation, he was unable to perform the essential functions of the job.

Mr. Morgan's termination claim fails for another reason as well. He did not provide documentation that he was fit for duty. Dr. Stimel's conclusion that Mr. Morgan was unfit for duty, coupled with Mr. Morgan's failure to respond to the City's reasonable request to submit documentation showing he was fit for duty, was a legitimate, nondiscriminatory reason for terminating Mr. Morgan's employment. This, standing alone, would entitle the City to summary judgment.

IV

For these reasons,

IT IS ORDERED:

1. The summary-judgment motion, ECF No. 15, is granted.

2.  The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is ordered that the plaintiff Donald Lee Morgan recover nothing on his claims against the defendant City of Tallahassee. The claims are dismissed on the merits."

3.  The clerk must close the file.

SO ORDERED on November 21, 2016.

           s/Robert L. Hinkle
           United States District Judge